LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.:  (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
BUDDHAFUL DESIGNS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BUDDHAFUL DESIGNS, LLC, a Washington limited liability company,<br><br>         Plaintiff,<br><br>    v.<br><br>ETSY, INC., a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114; Lanham Act 32);**<br><br>**(2) CONTRIBUTORY INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. §1114; Lanham Act 32);**<br><br>**(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act §43(a));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(5) COMMON LAW UNFAIR COMPETITION; and**<br><br>**(6) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES – Page 1

Plaintiff, BUDDHAFUL DESIGNS, LLC ("Buddhaful") by and for its Complaint for Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

**INTRODUCTION**

1. This is an action in law and equity for, *inter alia*, federal and common law trademark infringement, contributory trademark infringement, and unfair competition under federal and California statutes as well as common law.

2. Plaintiff Buddhaful is in the business of designing, manufacturing, marketing, and selling unique and unusual jewelry, clothing, and accessories.

3. Plaintiff Buddhaful takes great care in designing, manufacturing, marketing, and selling jewelry, clothing, and accessories that provide a strong, positive and conscious message while maintaining a high degree of original artistic integrity and style.

4. Plaintiff Buddhaful has invested large quantities of time, money, and effort into maintaining a strong, positive and conscious message and a high degree of original artistic integrity and style and Buddhaful's consumers have grown to associate such qualities with the trademarks BUDDHAFUL and BUDDHAFUL DESIGNS.

5. Plaintiff Buddhaful sells its clothing, jewelry, and accessories through its Internet website, www.buddhaful.com and directly at various musical events and festivals.

6. Plaintiff Buddhaful believes that its investments of time, money, and effort into designing, manufacturing, marketing, and selling jewelry, clothing, and accessories have caused its common law trademark BUDDHAFUL DESIGNS and its federally registered trademarks BUDDHAFUL to amass significant goodwill and that such investments have produced valuable financial returns in the form of a commercial reputation for satisfying customers leading to new and repeat business.

7. Recently, it has come to the attention of Plaintiff Buddhaful that Defendant ETSY, INC. ("Etsy"), through various subscribing sellers, is offering for sale and selling a wide variety of jewelry, clothing, and personal accessories under the mark BUDDHAFUL and a variety of BUDDHAFUL formative variations.

8. Defendant Etsy markets and sells such jewelry, clothing, and accessories via its subscribing seller's through Defendant Etsy's Internet website, www.etsy.com.

9. On January 17, 2014, Plaintiff Buddhaful sent Defendant Etsy a letter informing Defendant Etsy of Plaintiff Buddhaful's federally registered trademarks and several specific unlawful uses of such marks by several of Defendant Etsy's registered sellers on Defendant Etsy's website www.etsy.com.

10. Nearly one year later, Defendant Etsy's registered sellers are continuing to unlawfully use trademarks that are identical and/or highly similar and confusing to Plaintiff's trademarks, both federally registered and common law, which continue to destroy the goodwill and customer recognition that Plaintiff Buddhaful has worked hard to amass.

11. Defendant Etsy, via its registered sellers, is misrepresenting and/or falsely implying that such products are provided by, affiliated or associated with Plaintiff Buddhaful and are defrauding and/or confusing consumers who have come to expect high quality goods and customer services provided by Plaintiff Buddhaful.

12. Further, Defendants are harming the goodwill associated with Plaintiff Buddahful's common law trademark BUDDHAFUL DESIGNS and/or federally registered trademarks, BUDDHAFUL, by falsely associating Defendant Etsy's registered sellers' inferior quality goods and customer service with that of Plaintiff Buddhaful.

///

13. Plaintiff Buddhaful is informed and believes, and based thereon alleges, that Defendant Esty's infringing activity is systematic and willful and done with knowledge and reckless disregard for Plaintiff Buddhaful's intellectual property rights and asks that this Court enjoin Defendant Etsy's unlawful activities and order Defendant Etsy to pay appropriate damages pursuant to the relevant federal and state statutes and principles of common law.

## THE PARTIES

14. Plaintiff BUDDHAFUL DESIGNS, LLC is a limited liability company formed under the laws of the state of Washington that maintains a place of business at 651 Clover Street, Los Angeles, CA 90031.

15. Upon information and belief, Defendant ETSY, INC. is a corporation formed under the laws of the state of Delaware that maintains a principal place of business at 719 E. 12th Street, Brooklyn, NY 11229.

16. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 20, inclusive, are currently unknown to Plaintiff Buddhaful, who therefore sues said defendants by fictitious names. Plaintiff Buddhaful is informed and believes, and on such information and belief, alleges that each of the Defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true names, identities and capacities of such fictitiously designated defendants are ascertained, Plaintiff Buddhaful will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

///
///
///
///

## JURIDISCTION AND VENUE

17. This is an action seeking permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based on the trademark infringement and the unfair competition of Defendant Etsy in connection with Plaintiff Buddhaful's common law trademark BUDDHAFUL DESIGNS and federally registered trademarks: BUDDHAFUL, reg. nos.: 4411687 and 3414100. The harm from these unlawful acts have occurred in the State of California, and more specifically in the Central District of California.

18. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1332, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

19. This Court has jurisdiction over Defendant Etsy because, *inter alia,* both defendants regularly conduct business within the state of California and within the Central District.

20. This Court also has jurisdiction over this civil action because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the Plaintiff Buddhaful and Defendant Etsy.

21. This Court has personal jurisdiction over Defendant Etsy because, *inter alia*, it conducts business in the State of California and the Central District through its advertising and sales to customers located in California and throughout the Central District, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

22. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

///
///
///
///

# COUNT I
# INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
# 15 U.S.C. §1114 (LANHAM ACT §32)

23. Plaintiff Buddhaful hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein, and makes the following allegations on information and belief.

24. Plaintiff Buddahful has acquired and owns common law rights in the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL in conjunction with unique and unusual jewelry, clothing, and accessories through many years of continuous use throughout United States in commerce.

25. Plaintiff Buddahful is the owner of U.S. federal trademark registration no.:3414100 for the mark BUDDHAFUL for: *Short-sleeved or long-sleeved t-shirts; Tank-tops; Pants; Skirts and dresses; Vests; Coats* in international class 025 and U.S. federal trademark registration no.: 4411687 for the mark BUDDHAFUL for: *Jewelry and personal accessories made from precious and semiprecious metals and stones* in international class 014.

26. Plaintiff Buddhaful's U.S. federal trademark registrations for the mark BUDDHAFUL, nos.: 3414100 and 4411687, are both valid, subsisting, and in full force and effect.

27. Defendant Etsy is actively selling and offering for sale a variety of jewelry, clothing, and accessories under identical or confusingly similar marks through its Internet website www.etsy.com and directly at various festivals and musical events.

28. Exhibit A shows a screenshot from the Internet website www.etsy.com wherein Defendant Etsy is offering for sale a variety of jewelry, clothing, and accessories in conjunction with the trademark BUDDHAFUL and a variety of BUDDHAFUL formative marks.

29. Exhibit B shows a true and correct copy of a letter Plaintiff Buddahful sent to Defendant Etsy on January 17, 2014 that both informs Defendant Etsy of

the existence of Plaintiff Buddhaful's intellectual property and provides Defendant Etsy with notice of a variety of specific infringing products.

30. Defendant Etsy's use, through registered sellers, of trademarks that are highly similar to Plaintiff Buddahful's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, in conjunction with similar types of goods and services is likely to cause confusion, to cause mistake, or to deceive customers as to the origin, source, or sponsorship of Defendant Etsy's goods and services, and is likely to create the false impression that Defendant Etsy's goods and services are authorized, sponsored, endorsed, or licensed by, or affiliated with, Plaintiff Buddhaful.

31. Defendant Etsy is actually aware that Plaintiff Buddhaful owns federal registrations for the trademark BUDDHAFUL and that Plaintiff Buddhaful has not granted Defendant Etsy the right, license, or authority to use such trademarks or any trademark confusingly similar thereto.

32. Defendant Etsy's conduct is willful, in bad faith, and with full knowledge that Defendants have no right, license, or authority to use the trademark BUDDHAFUL DESIGNS or BUDDHAFUL or any other designation similar thereto.

33. Defendant Etsy's conduct is intended to reap the benefit of the goodwill that Plaintiff Buddhaful has amassed in the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL, and constitutes infringement of Plaintiff Buddahful's federally registered trademarks in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

34. Because Defendant Etsy is using trademarks that are confusingly similar to the Plaintiff Buddhaful's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, in connection with U.S. commerce in an unauthorized manner, Defendant Etsy have caused and are causing substantial irreparable harm to the goodwill associated with Plaintiff Buddhaful's common law and federally

registered trademarks and will continue to cause damage to Plaintiff Buddhaful, and to deceive consumers unless enjoined by this Court.

35. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant Etsy's continued use of trademarks in U.S. commerce that are nearly identical to, and therefore confusingly similar to, Plaintiff Buddahful's trademarks BUDDHAFUL DESIGNS and BUDDHAFUL.

## COUNT II
## CONTRIBUTORY INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. §1114 (LANHAM ACT §32)

36. Plaintiff Buddhaful hereby incorporates by reference each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein, and makes the following allegations on information and belief.

37. Plaintiff Buddhaful was put on notice that several of Defendant Etsy's registered sellers were and are selling jewelry, clothing, and accessories in conjunction with Plaintiff Buddhaful's trademark BUDDHAFUL and/or BUDDHAFUL formative trademarks as of January 17, 2014 when Plaintiff Buddhaful informed Defendant Etsy by letter (See Exhibit B).

38. Defendant Etsy materially contributed to the infringement of Defendant Etsy's registered sellers by continuing to host such sellers profiles and facilitiated the sales of their jewelry, clothing, and accessories in conjunction with trademarks that infringed those of Plaintiff Buddhaful.

39. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant Etsy's continued contributory trademark infringement.

///
///
///

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a) (LANHAM ACT §43(a))

40. Plaintiff Buddhaful repeats and incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. The conduct of Defendant Etsy is likely to cause confusion, to cause mistake and/or to deceive consumers as to the origin, source, or sponsorship of the goods provided by Defendant Etsy, and is likely to create the false impression that such goods are authorized, sponsored, endorsed or licensed by, or affiliated with Plaintiff Buddhaful, the owner of the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL, and is generally unfair and deceptive.

42. The conduct of Defendant Etsy constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of §42(a) of the Lanham Act, 15 U.S.C. §1125(a) because Defendant Etsy's use of such trademark unfairly leads consumers to falsely believe that Defendant Etsy is sponsored by or affiliated with Plaintiff Buddhaful.

43. Because Defendant Etsy is using a trademark confusingly similar to the common law trademark BUDDHAFUL DESIGNS and the federally registered trademark BUDDHAFUL in connection with U.S. commerce in an unauthorized manner, Defendant Etsy has unfairly profited from the investments made by Plaintiff Buddhaful in the quality and reputation of the products associated with such trademarks.

44. Because Defendant Etsy is using one or more trademarks that are confusingly similar to the common law trademark BUDDHAFUL DESIGNS and the federally registered trademark BUDDHAFUL in connection with U.S. commerce in an unauthorized manner, Defendant Etsy has caused and is continuing to cause substantial irreparable harm to Plaintiff Buddhaful's common law trademark, BUDDHAFUL DESIGNS, and federally registered trademark,

BUDDHAFUL, and such damage will not stop, nor will Defendant Etys's deceit of consumers, unless enjoined by this Court.

45. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant Etsy's continued use of confusingly similar trademarks in U.S. commerce.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

46. Plaintiff Buddahful repeats and incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff Buddhaful has used its trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, to sell goods, including jewelry, clothing and personal accessories, on the Internet throughout the United States at least as early as July of 1998.

48. Plaintiff Buddhaful has used the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL continuously since at least as early as July of 1998.

49. Plaintiff Buddhaful's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, are inherently distinctive; therefore, common law trademark rights vested with Plaintiff Buddhaful immediately following Plaintiff Buddahful's use of such trademarks in U.S. commerce.

50. Plaintiff Buddhaful used the trademark BUDDHAFUL DESIGNS and BUDDHAFUL for several years prior to Defendant Etsy's first use the trademark or any confusingly similar trademark; therefore, Plaintiff Buddhaful is the senior user in time and has superior rights.

51. With full knowledge of Plaintiff Buddhaful's ownership of superior rights in the trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, Defendant Etsy continued the use of confusingly similar trademarks in U.S. commerce in conjunction with near identical goods in near identical trade channels.

52. The conduct of Defendant Etsy is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendant Etsy's registered sellers' goods and services, and is likely to create the false impression that Defendant Etsy's registered sellers' goods are authorized, sponsored, endorsed or licensed by, and/or affiliated with Plaintiff Buddhaful.

53. Defendant Etsy had actual knowledge of Plaintiff Buddhaful's exclusive rights in its trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL, prior to the filing of this Complaint and defiantly continued the use of a confusingly similar mark in U.S. commerce.

54. The conduct of Defendant Etsy is willful, in bad faith, and with full knowledge that Defendant Esty has no right, license, or authority to use Plaintiff Buddhaful's trademarks or any other designation similar thereto.

55. The conduct of Defendant Etsy is intended to reap the benefits of the goodwill that Plaintiff Buddhaful has created in its trademarks, and constitutes an infringement of Plaintiff Buddhaful's trademarks, BUDDHAFUL DESIGNS and BUDDHAFUL.

56. Because Defendant Etsy is using the trademark BUDDHAFUL and several BUDDHAFUL formative marks in connection with the sales of jewelry, clothing, and accessories, Defendant Etsy has caused and is causing substantial irreparable harm to the distinctiveness and goodwill associated with Plaintiff Buddhaful's common law trademarks and will continue to damage Plaintiff Buddhaful and deceive the consuming public unless enjoined by this Court.

57. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant Etsy's continued use of several confusingly similar trademarks in U.S. commerce.

///

///

///

## COUNT V
## COMMON LAW UNFAIR COMPETITION

58. Plaintiff Buddhaful repeats and incorporates by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59. The unlawful conduct of Defendant Etsy is likely to continue to cause confusion, to cause mistake and deceive consumers as to the origin, source, or sponsorship of goods provided by Defendant Etsy in connection with the trademarks BUDDHAFUL DESIGNS and BUDDHAFUL and is likely to create the false impression that the goods and services provided by Defendant Etsy are sponsored by or affiliated with Plaintiff Buddhaful.

60. The conduct of Defendant Etsy constitutes unfair competition in violation of the common law of California and other states.

61. The conduct of Defendant Etsy is willful, in bad faith, and with full knowledge that Defendant Etsy has no right, license or authority to use the trademarks BUDDHAFUL DESIGNS or BUDDHAFUL or any other designation confusingly similar thereto.

62. Because Defendant Etsy is using confusingly similar trademarks in conjunction with the sale or offer for sale of similar goods and services in identical market channels, Defendant Etsy has caused and is causing substantial irreparable harm to Plaintiff Buddhaful and will continue to damage Plaintiff Buddhaful and to deceive the consuming public unless restrained and permanently enjoined by this Court.

63. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by the Defendant Etsy's continued use of unfair business practices.

///
///
///
///

# COUNT VII
# CALIFORNIA UNFAIR COMPETITION
# Cal. Bus. & Prof. Code §17200

64. Plaintiff Buddhaful repeats and incorporates by reference the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65. The unlawful conduct of Defendant Etsy, as alleged above, also constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

66. Defendant Etsy's use of confusingly similar trademarks without regard to the damage such unlawful use causes Plaintiff Buddhaful is below the acceptable threshold of commercial morality and therefore constitutes unfair business practices.

67. The wrongful acts of Defendant Etsy proximately caused, and will continue to cause, substantial injury to Plaintiff Buddhaful including confusion of potential customers, injury to reputation, and diminution of the value of Buddhaful's trademarks BUDDHAFUL DESIGNS and BUDDHAFUL.  These actions will cause imminent irreparable harm and injury to Plaintiff Buddhaful, the total amount of which cannot be ascertained while Defendant Etsy's acts are continuing.

68. As a direct and proximate result of the unfair and wrongful acts of Defendant Etsy, Plaintiff Buddhaful has been damaged, and is entitled to injunctive relief and restitution in an amount proven at trial.  The acts of Defendant Etsy, described herein, irreparably injured Buddhaful's business, reputation, goodwill, and will continue to do so unless restrained and permanently enjoined by this Court.

69. Plaintiff Buddhaful has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant Etsy's continued use of unfair business practices.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Buddhaful respectfully requests the following relief;

A. A permanent injunction prohibiting Defendant Etsy, their officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the trademarks BUDDHAFUL, BUDDHAFUL DESIGNS, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling similar goods in the United States, and from otherwise infringing the U.S federal trademark registration nos.: 4411687 and 3414100;

B. An accounting for all profits acquired by Defendant Etsy and Defendant Esty's registered sellers through sales of goods or services in conjunction with the unlawful use of Plaintiff Buddhaful's trademarks or any other designation confusingly similar to thereto;

C. An award of $250,000 for damage to the goodwill and reputation of Plaintiff Buddahful's common law trademarks BUDDHAFUL DESIGNS and BUDDHAFUL and Plaintiff Buddhaful's federally registered trademarks BUDDHAFUL, reg. nos.: 4411687 and 3414100;

D. An award of treble damages or other enhanced monetary remedies to Plaintiff Buddhaful;

E. An award of attorneys' fees and costs to Plaintiff Buddhaful pursuant to California Civil Procedure 1021.5; and

F. Any such further relief as the Court may deem just and appropriate.

///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated this tenth day of November, 2014

By: _/s/ Kevin Welch_

Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
BUDDHAFUL DESIGNS, LLC