UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDDHAFUL DESIGNS, LLC, a Washington limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>HEATHER MITCHELL, an individual and citizen of the state of Michigan, BUDDHAFUL WORLD, a Michigan entity unknown status, CATHERINE LONG, an individual and citizen of the state of New York, and BUDDHAFULL, a New York entity of unknown status, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV 14-08730-JEM<br><br>**ORDER DENYING DEFENDANT CATHERINE LONG'S MOTION TO DISMISS  (Docket No. 31)**<br><br>**Action Filed:** November 11, 2014 |

Plaintiff Buddhaful Designs, LLC filed suit against Etsy, Inc. on November 11, 2014 seeking damages for federal and common law trademark infringement and unfair competition, and unfair competition under state law as well, in regard to Plaintiff's clothing, jewelry and accessories business.  Plaintiff settled with Etsy, Inc. but filed a First Amended Complaint ("FAC") on April 4, 2015 against Defendants Heather Mitchell, Buddhaful World, Catherine Long and Buddhafull ("Defendants").  Before the Court is Defendant Catherine Long's Motion to Dismiss ("Motion to Dismiss" or "Motion" or "MTD") pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition but Catherine Long filed no reply.  The Court determined that the Motion to Dismiss is appropriate for decision without oral argument.

Fed. R. Civ. P. 78; C.D.R. 7-15. Accordingly, the hearing scheduled for July 7, 2015, was taken off calendar. After reviewing the moving and opposing papers, and for the reasons stated below, the Court hereby DENIES the Motion to Dismiss.

## I. BACKGROUND

The FAC makes the following relevant allegations:

Plaintiff alleges that it is the owner of U.S. federal trademarks registered No. 3414100 for the mark BUDDHAFUL for clothing and No. 4411687 for jewelry and personal accessories. (¶ 28.) Plaintiff also alleges common law rights to these trademarks. (¶ 27.) Defendant Catherine Long is alleged to be selling or offering for sale a variety of jewelry, clothing and accessories under identical or confusingly similar marks through the Etsy website. (¶ 7.) On January 17, 2014, Plaintiff provided Etsy with notice of specific, infringing products being sold through its website. (¶ 8.) Etsy eventually took down the infringing postings of Catherine Long. (¶ 9.)

Plaintiff contends that Defendants, including Long, have infringed Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114 (Lanham Act) and common law trademark rights, which also constitutes federal unfair competition under 15 U.S.C. § 1125(a) and state law unfair competition under Cal. Bus. & Prof. Code § 17200. Plaintiff seeks a permanent injunction, an accounting of profits, $250,000 for damage to goodwill, treble damages and attorney's fees.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a), and 28 U.S.C. §§ 1331, 1332, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097,

1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Conclusory allegations are insufficient. Id. at 1950. Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

When evaluating a motion to dismiss, all allegations of material fact are accepted as true, "as well as all reasonable inferences to be drawn from them." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); see also Twombly, 550 U.S. at 555. For an allegation to be "entitled to the assumption of truth," it must be well-pleaded, that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion. Iqbal, 129 S. Ct. at 1950. The Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"); see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted.)

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its review to the operative complaint and may not consider facts presented in briefs or extrinsic evidence. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W. Schwarzer,

A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)."). Materials submitted as part of the complaint are not "outside" the complaint and may be considered. Lee, 25 F.3d at 688; Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also Lee, 250 F.3d at 688 (documents not physically attached to the complaint may be considered if their authenticity is not contested and "the plaintiff's complaint necessarily relies" on them) (citation omitted). Thus, courts may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal without leave to amend is inappropriate unless it is clear that the complaint cannot be saved by amendment. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

**IV. DISCUSSION**

Catherine Long's MTD must be denied because it is based on facts and materials outside the complaint that the Court legally cannot consider under Rule 12(b)(6). As already explained, the Court must limit its review to the operative complaint and may not consider facts presented in briefs or extrinsic evidence. Lee, 250 F.3d at 688. Here, Long states that Etsy suspended her account on November 19, 2014. She also states that she changed the name of her shop to "Lotus Love Fairies" on January 27, 2015 and never made any sales under the name "Buddhaful." Long also attached to her declaration extensive email correspondence with Etsy. None of the above facts are in the FAC and thus cannot be considered by the Court. Nor can the Court consider Long's email strings. Because Plaintiff

has not offered any appropriate legal basis for dismissing the FAC, the Court accordingly DENIES Long's MTD.

## DISPOSITION

For the reasons stated above, the Court DENIES Catherine Long's Motion to Dismiss Buddhaful Designs LLC's First Amended Complaint. Defendant Long is ORDERED to file an answer no later than July 28, 2015.

**IT IS SO ORDERED.**

DATED: July 8, 2015              */s/ John E. McDermott*
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE